**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jorge RENGIFO–CASTRO,**
**Defendant-Appellant.**

**No. 79–1465.**

United States Court of Appeals,
Tenth Circuit.

April 25, 1980.

R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

James F. Blackmer, Asst. U. S. Atty. (R. E. Thompson, U. S. Atty., Robert Bruce Collins, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

Appellant was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. A pretrial motion to suppress evidence found in appellant's suitcase was heard and denied. He was tried by a jury and found guilty.

Appellant was stopped by border patrol agents at a checkpoint on Interstate Highway 10 west of Las Cruces, New Mexico. He was driving a blue van. He stated that he was from Panama and had no passport. A passenger was discovered in the back of the van; he too had no passport.

The appellant and the passenger were escorted to a nearby border patrol office trailer. Agent Busch then entered the vehicle through the passenger side to look for aliens. He found three suitcases and took them to the trailer. They were opened by the appellant and the passenger at the agents' request.

The two men were questioned about their origin. The passenger claimed originally to be from Venezuela but now was a United States citizen. The agent noticed him shuffling with his waist band and he was immediately patted down whereupon a Colombian driver's license was found. Both men stated they were from Colombia and had no United States alien papers. The van had Florida plates, but a license check revealed no Florida registration. Both men were arrested and advised of their constitutional rights. Their suitcases were searched, and the cocaine in question was found in appellant's suitcase in a paper bag. No warrants were obtained for the search.

A motion to suppress the cocaine was denied before trial as above mentioned, and the issue on appeal concerns the search of appellant's suitcase. The question is whether a locked suitcase, after being removed from the control of an arrestee and after

being opened by him at the request of border patrol agents, may be searched without a warrant.

■ This case presents another variation on the line-drawing that has become necessary when dealing with Fourth Amendment rights. As the Supreme Court observed recently, "an apparently small difference in the factual situation frequently is viewed as a controlling difference in determining Fourth Amendment rights." *Arkansas v. Sanders*, 442 U.S. 753, 757, 99 S.Ct. 2586, 2589, 61 L.Ed.2d 235. In this case we cannot say that the warrantless search was "reasonable under all the circumstances." *United States v. Chadwick*, 433 U.S. 1, 9, 97 S.Ct. 2476, 2482, 53 L.Ed.2d 538. In *Chadwick* and *Sanders* the Supreme Court held invalid the warrantless search of closed luggage in an automobile when the defendants were already in custody and the luggage was in the "exclusive control" of authorities. Although in the case at bar the additional element of border search exceptions to the Fourth Amendment warrant requirement is presented, we cannot find that the facts in this case are sufficiently dissimilar to *Chadwick* and *Sanders* to ignore the mandate of those rulings. The border patrol exception to the warrant requirement has dealt thus far only with searches of vehicles for aliens, not searches of closed luggage. *See, e. g., United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623; *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. The government has conceded that this checkpoint was not the functional equivalent of a border point. Thus the search of the suitcase cannot be upheld under 8 U.S.C. § 1357(a). *United States v. King*, 485 F.2d 353 (10th Cir.). *See also United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623. In order to withstand constitutional scrutiny there must have existed probable cause to search plus sufficient exigent circumstances to make the obtaining of the warrant impracticable.

■ Under the recent authorities the issue as to whether the agents had "exclusive control" of a defendant's luggage becomes a central factor. *See United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538; *United States v. Gooch*, 603 F.2d 122 (10th Cir.). The defendant and the passenger were already under arrest at the time of the search. They had been brought into the station by one agent. Another agent was in the parked vehicle, looking for additional aliens. There was no danger of defendants moving the vehicle or the luggage. The suitcases were brought into the station by an agent, and each defendant was directed to identify his suitcase, open it, and sit back down. "With the police in control of the automobile and its occupants, there was no danger that the suitcase and its contents would be rendered unavailable to due legal process." *Arkansas v. Sanders*, 442 U.S. 753, 756, 99 S.Ct. 2586, 2589, 61 L.Ed.2d 235.

■ The government argues the search was necessary because the luggage is returned to aliens during transportation by bus to immigration processing centers in El Paso or Las Cruces, and weapons may be hidden in the luggage thus posing a danger to the transporting official. This method of transport is an administrative practice and cannot serve to impinge on constitutional rights. The luggage was in the "control" of the agents at the time of search, both before and after. That it would later be returned to the aliens during transport does not alter the "control" aspect. As the defendant's counsel points out, this places in the agents' control the creation of exigent circumstances. The search cannot be upheld on the basis of a policy of warrantless searches for weapons as a matter of course, simply because the government chooses to relinquish its control during transport.

Our recent decision in *United States v. Gooch*, 603 F.2d 122, presented a similar situation of a warrantless search of closed luggage by border agents. A suspicious-looking private airplane coming from the direction of Mexico was tracked by radar and followed by border agents. When it landed, the plane was seized and bags of marijuana were found in a warrantless

search of the plane. We noted that the search of a closed brief case found in the plane was plainly "unconstitutional under the clear authority of *Chadwick* and *Arkansas v. Sanders* . . .. Once the officers seized the brief case, there being no exigency shown which would justify a warrantless search of its contents, a warrant was required to open and search it." 603 F.2d at 125. The *Arkansas, Chadwick* and *Gooch* decisions were directed to the proposition that where the police officers were in control and dominion of the suitcases there were no exigent circumstances.

In the instant case, certainly, there were circumstances to consider such as the late hour (around 9:30 p.m.); only three agents were manning the station; many cars passed through the checkpoint; and only a radio, not a telephone, was available. Under the above cases, however, these exigencies are insufficient to excuse the obtaining of a warrant when vehicle and luggage were already under the complete control of the authorities.

It should be noted that this was admittedly not an "inventory" of defendant's belongings. The agents so stated. It thus does not fall under the inventory search exception to the warrant requirement. *See South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000.

In conclusion we find the "reasonable expectation of privacy," *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, associated with closed luggage as set out in *Chadwick* applies fully to the case at bar. As stated in *Sanders*, 442 U.S. at 765, 99 S.Ct. at 2593–2594, "the reasons for not requiring a warrant for the search of an automobile do not apply to searches of personal luggage taken by police from automobiles." Additionally, the reasons for not requiring a warrant for searches at border stops do not apply to searches of luggage taken at fixed checkpoints.

The judgment of the lower court is reversed, and the case is remanded for further proceedings consistent with this opinion.